UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRANS MARINE TAMPA, LLC,

    Plaintiff,

v.                                          CASE NO: 8:11-cv-741-T-23AEP

MARINE SYSTEMS, INC.,

    Defendant.
_____/

## **ORDER**

On January 20, 2011, the plaintiff sued (Doc. 2) in state court for breach of contract, fraud, fraud in the inducement, fraudulent misrepresentation, and unjust enrichment. On March 11, 2011, the defendant filed in state court an answer and motion to dismiss (Doc. 4). The defendant removes (Doc. 1), asserts diversity jurisdiction under 28 U.S.C. § 1332, and states (1) that the plaintiff is incorporated in Washington and registered in Florida as a "foreign business entity"; (2) that the defendant is incorporated in Louisiana with a principal place of business in Louisiana; and (3) that, on March 20, 2011, the defendant received a settlement demand letter for more than $75,000.00, exclusive of interest and costs. The plaintiff moves (Doc. 7) to remand and argues that the defendant failed to file a timely notice of removal.

Section 1446(b) of Title 28, United States Code, provides that:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading,

> motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

A settlement demand letter received after filing of the initial pleading constitutes an "other paper" and triggers the thirty-day removal period. <u>Armstrong v. Sears, Roebuck & Co.</u>, 2009 WL 4015563 (M.D. Fla. 2009).

In this instance, the defendant received a settlement demand letter (Doc. 8-1) for more than $900,000.00 on March 20, 2011, and removed on April 6, 2011. Accordingly, the defendant timely removed, and the motion (Doc. 7) to remand is **DENIED**. Additionally, the motion (Doc. 4) to dismiss, which relies on the Florida Rules of Civil Procedure, is **DENIED**.

ORDERED in Tampa, Florida, on May 5, 2011.

STEVEN D. **MERRYDAY**
UNITED STATES DISTRICT JUDGE